G. H. Massey v. Joshua M. Blake.

No. 111.

1. **Amendment—Same Cause of Action.**—Attachment suit on a promissory note executed by a partnership firm. Affidavit by defendant denying that he was a member of the firm as alleged. The plaintiff amended, alleging liability by the defendant to pay the note, for that he had for a valuable consideration assumed and promised to pay the same. Trial resulted in judgment for plaintiff for amount of the note; the trial court, however, refused to foreclose the attachment. This was error. The amendment did not set up a new cause of action, and foreclosure should have been decreed.

2. **Same.**—The cause of action in both the original and amended petitions was the liability of the defendant to pay the note. The amendment showed liability upon a state of facts different from the allegations in the original petition.

APPEAL from McLennan. Tried below before Hon. W. H. Jenkins, County Judge.

*Herring & Kelley*, for appellant.—Appellant's cause of action was his legal right to demand and compel payment by appellee of the note upon which suit was brought; and the allegation of the additional fact that ap-

pellee had also assumed to pay said note was not an increase or change of his liability, and constituted no new cause of action, especially so inasmuch as the grounds of his liability as stated in the original petition were not abandoned, but were reiterated in the amended petition.   Talbert v. McBride, 12 S. W. Rep., 753.

*Baker & Prendergast,* for appellee.

FISHER, CHIEF JUSTICE.—Appellant brought this suit in the County Court of McLennan County, on September 27, 1889, against appellee, upon a promissory note for $500, dated January 22, 1889, payable November 5, 1889, made by Ross & Blake Implement Company, payable to the order of Hinchman Implement Company, and endorsed in blank.

It was also alleged that Ross & Blake Implement Company was a partnership composed of W. H. Ross, James A. Blake, and Joshua M. Blake; that subsequently Ross retired from the business, leaving the two Blakes in the business, which they conducted as partners under the firm name of Blake Bros. Implement Company, until said James A. Blake died, leaving appellee, who conducted the business as surviving partner.

Attachment was contemporaneously sued out and levied upon personal property.

On January 11, 1890, appellee filed an amended answer, embracing a general demurrer and general denial, and a special answer under oath, denying that he was a partner of Ross & Blake Implement Company, and denying that the note sued upon was executed by him or by his authority.

On January 14, 1890, appellant filed an amended petition, reiterating the allegations of the original petition as above stated, and adding that on May 13, 1889, appellee, for a valuable consideration, assumed and promised to pay said note, which promise was made to said Ross, promising to exempt him from the payment of said note, which promise enured to the benefit of appellant as the legal holder and owner of said note.

The appellant went to trial upon his amended petition, and the court below rendered judgment in his favor for the amount of the note sued for; and refused to foreclose his attachment lien, upon the ground that the cause of action set up in the amended petition was a different and new cause of action as pleaded in the original petition, and that the attachment was incident and dependent upon the cause of action stated in the original petition.   From this adverse ruling appellant appeals.

This ruling of the court below was erroneous.   The amended petition does not set up a new cause of action.   In this State we look to the substance of the issue and the facts as pleaded, and not to the form of the action, in ascertaining the nature of the plaintiff's demand and the relief that should be extended.   The liability of the appellee for the payment of the note was the nature of the appellant's demand in both the original and

amended petitions. The note was the subject matter of the suit, and to enforce its payment this suit was instituted. The effect of the amended petition was to state that the appellee was liable upon the note, but his liability resulted from a state of facts different from that stated in the original petition. The extent of his liability as presented in both petitions is the same. The promise by appellee to assume the liability of Ross upon the note simply brings about a novation of parties, and his liability is to the same extent as the law imposed upon Ross by reason of his original promise to pay as evidenced by the terms of the note. We do not think the amended petition set up a new cause of action. Landa v. Obert, 78 Texas, 46; 44 Texas, 152; 1 Am. and Eng. Encycl. of Law, 549; 18 S. W. Rep., 418; 17 S. W. Rep., 769; 14 S. W. Rep., 275.

The judgment below in favor of appellant for the amount of the note sued for is affirmed, and is reversed in so much as fails and refuses to foreclose the attachment lien in favor of appellant upon the property described in the return of the officer upon the writ; and the court below is hereby instructed to render judgment foreclosing the attachment lien in accord with the law as announced in this opinion.

Delivered March 22, 1893.