DEMETRI v. McCOY.

(Court of Civil Appeals of Texas. Galveston. March 12, 1912.)

1. PLEADING (§ 254*)—GENERAL DEMURRER—DEFECTS REACHED.

While the amended petition should state the date or otherwise identify the original petition, failure to do so does not make it subject to a general demurrer; a special exception being necessary.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 752–760; Dec. Dig. § 254.*]

2. PLEADING (§ 237*) — AMENDMENT — TRIAL AMENDMENT—PROPRIETY.

A trial amendment is only proper when it becomes necessary in the course of trial to meet a ruling sustaining an exception to the pleading sought to be amended, and there is no opportunity to recast the whole pleading, so that, in an action on a contract for rent, it was not proper to allow a trial amendment to the petition, alleging that the name of another was attached to the contract sued on, to meet an objection by defendant that the agreement in evidence was signed by defendant and such other; while the petition only alleged a contract signed by defendant.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 603–619; Dec. Dig. § 237.*]

3. APPEAL AND ERROR (§ 1041*)—HARMLESS ERROR—PLEADINGS.

Where the petition was sufficient to admit in evidence a certain contract, any error in permitting a trial amendment to meet an objection that the contract did not conform to that alleged in the petition was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4106–4109; Dec. Dig. § 1041.*]

4. STIPULATIONS (§ 14*)—ADMISSION OF EVIDENCE—EFFECT.

Plaintiff sued on a contract for rent, alleged to have been executed by defendant alone and attached a copy thereof to his petition, and the parties stipulated that such copy should be introduced in lieu of the original agreement, and that the name of another, signed to the copy of the agreement, was also signed to the original agreement, and that the time when it was so signed might be shown by parol evidence. *Held*, that the admission in evidence of the copy of the contract attached to the petition showed prima facie, at least, that the contract was as alleged in the petition.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. § 14.*]

5. LANDLORD AND TENANT (§ 231*)—ACTIONS—SUFFICIENCY OF EVIDENCE.

Evidence, in an action on a contract for rent, *held* to sustain a finding that plaintiff did not release defendant from his contract and accept another as lessee.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

6. APPEAL AND ERROR (§ 527*)—BILL OF EXCEPTIONS — NECESSITY — FAILURE TO MAKE FINDINGS.

The trial court's failure to comply with a request for conclusions of fact and law can only be considered when presented by a bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2381–2383; Dec. Dig. § 527.*]

Appeal from Calhoun County Court; Willett Wilson, Judge.

Action by C. H. McCoy against Thomas Demetri. From a judgment for plaintiff, defendant appeals. Affirmed.

Ben W. Fly and R. L. Daniel, for appellant. F. W. Burford and Lewis Wood, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against the appellant to recover the sum of $280, alleged to be due upon a rent contract executed by plaintiff and defendant, by the terms of which plaintiff rented to the defendant, for a term of one year commencing on January 1, 1908, a store building owned by plaintiff in the city of Port Lavaca, for which the defendant agreed to pay plaintiff the sum of $480 in monthly installments of $40 each.

The defendant's answer contains a general demurrer and special exceptions, attacking the petition on the ground that it did not sufficiently describe the rented property. He further answered by general denial and a special plea, in which it is averred, in substance, that on the 15th day of January, 1908, the defendant, with the consent of the plaintiff, delivered possession of the premises to C. A. Lawrence, who agreed to pay plaintiff the rent that would thereafter accrue under the contract sued on, and that plaintiff accepted said Lawrence as the lessee of said property and released the defendant from all further liability upon said contract. The trial in the court below, without a jury, resulted in a judgment in favor of plaintiff.

The following statement and agreement appears in the agreed statement of facts filed in the record: "Attorneys for the plaintiff stated in open court that the contract sued upon was deposited in the First National Bank of Port Lavaca, Tex., for safe-keeping, and that, by reason of the fact that this cause coming up for trial on the 22d day of February, 1911, is a legal holiday, said First National Bank was closed, and this contract sued upon, and which said contract bore the name of one C. A. Lawrence, in his own handwriting, under the signature of Thomas Demetri, the defendant in this cause, was then and at that time under a time lock, and is in the vaults of said First National Bank, and that it was impossible to produce said original contract in open court, and, in order to save delay in the trial of this cause, the plaintiff and defendant, by their said attorneys, entered into the follow-

ing agreement: 'It is agreed that the copy of this contract between plaintiff and defendant, which is attached to plaintiff's amended petition, may and shall be introduced as evidence in lieu of the original contract, with the further agreement that the signature of C. A. Lawrence is appended to the original contract underneath that of Thomas Demetri, and that the time when the signature of C. A. Lawrence was placed thereon may be shown by oral testimony in this cause.' "

The evidence shows that the plaintiff and defendent executed the rental contract as alleged in the petition. Thereafter, on January 15, 1908, the defendant sold out his business to C. A. Lawrence, who took possession of the property and occupied it for several months. He paid the rents due on the contract to plaintiff's agent for the months of February, March, and April. Plaintiff left Port Lavaca on the 5th of January, 1908, and did not return until July of that year. When the February rent became due, he sent a receipt for the rent to his agent, Bickford, who presented it to Lawrence. The latter refused to pay the rent. unless the receipt was made out in his name. Upon being notified of this fact by Bickford, plaintiff inserted Lawrence's name in the receipt, in lieu of defendant's, and the receipts for March and April were made to Lawrence, and the rent for the three months named paid by him. Plaintiff testified that he never consented to accept Lawrence as his lessee and release the defendant from his contract; that he did not know that Lawrence was occupying the premises until he returned to Port Lavaca in July; and that he supposed, when he learned that Lawrence wanted the receipt in his name, that he had become a partner in the defendant's business. Lawrence testified: "I never made any agreement with Dr. McCoy [plaintiff] for any terms of months or years. I did not pay him rent from May to January at all. I was under no obligations to stay there. I had no contract with him to stay there. McCoy was not there when I bought out Demetri." The name of Lawrence was signed to the original contract in pencil, under the name of the defendant. Plaintiff testified that the contract was placed in the bank to be kept there for defendant and himself, and that he never agreed that Lawrence should sign the contract, and did not know that he had done so until eight months after the execution of the contract.

[1] The first assignment of error complains of the ruling of the court in not sustaining defendant's general demurrer, because the first amended petition on which the case was tried failed to state the date or to otherwise describe and identify the previous petition, in lieu of which it was filed. This is one of the requirements of the rules governing amendments of pleading; but such requirements, being a matter of form merely, the deficiency of the petition in this regard does not make it subject to a general demurrer, and such defect could only be reached by special exception.

[2, 3] The second assignment of error complains of the action of the court in permitting plaintiff to file a trial amendment after the trial had begun and a part of the evidence introduced, in which he alleged that the name of C. A. Lawrence was attached to the contract sued on. This amendment was filed in order to meet the objection of the defendant that the agreement, before set out, shows that the contract was signed by both Demetri and Lawrence, and that the petition declared on a contract signed only by Demetri; and therefore there was no pleading under which the contract described in the agreement could be admitted in evidence. This was not a proper use of a trial amendment, which is only allowed when it becomes necessary in the progress of a trial to meet a ruling of the court sustaining an exception to the pleading sought to be amended, and there is no opportunity to rewrite the whole pleading. Townes on Pleading, 310. We are of opinion, however, that the plaintiff's pleading was sufficient to admit the contract described in the agreement of the parties; and therefore the trial amendment was unnecessary, and the error of the court in permitting plaintiff to file same was harmless.

[4] Plaintiff declared on a contract executed by Demetri alone, and attached a copy thereof to his petition. The agreement was that this copy should be introduced in evidence in lieu of the original, and it was further agreed that the name of Lawrence was also signed to the original contract, and that the time when such signature was appended might be shown by parol. We think it clear that under this agreement the admission in evidence of the copy of the contract attached to plaintiff's petition prima facie, at least, established the contract as alleged by plaintiff, and left the question as to when Lawrence's name was appended to the contract, and the circumstances under which he signed, to be determined by evidence which either party might introduce, without further pleading.

[5] The evidence before set out is sufficient to sustain the finding of the trial court that appellee did not agree to release the appellant from his contract and accept Lawrence as his lessee. Appellee swears that he made no such agreement, and he is corroborated by Lawrence, who swears that he did not assume the obligations of the contract. If Lawrence was insisting on the right to hold the property as sublessee and offering to pay the rents, it may be that under the rule announced in the cases of Ascarete v. Pfaff, 34 Tex. Civ. App. 375, 78 S. W. 974, and Railway Co. v. Settegast, 79 Tex. 256, 15 S. W. 228, appellee, having accepted rents from him for several months, would not be permitted to deny him the

right to hold the property for the term of the lease. But no such question is presented by this case. The acceptance of rent from Lawrence for several months would not of itself release the appellant for the balance of the term; nor is it conclusive evidence of the fact that appellee agreed to release the appellant. The question is one of fact; and the finding of the trial court cannot be disturbed.

[6] The last assignment of error presented by appellant complains of the failure of the trial judge to file conclusions of fact and law upon appellant's request. The request for these conclusions was seasonably made, and was noted upon the docket by the judge; but no conclusions were filed. In many cases, the right to have the trial judge file his conclusions of fact and law is a valuable right to an appellant, expressly given him by the statute, and of which he should not be deprived. It is a well-settled rule of decision, however, that an appellate court can only revise the action of the judge in failing to comply with a request for conclusions of fact and law when the matter is presented by a bill of exceptions. This rule is based upon the assumption that trial judges perform their duty and comply with such request, unless it has been waived by the appellant, or some other fact exists which would relieve the judge of the duty to file such conclusions. This presumption will prevail, unless there is a bill of exceptions showing that there was no waiver by the appellant, and no circumstances which would justify the judge in not preparing and filing his conclusions. There is no bill of exceptions in the record in this case to the failure of the judge to file his conclusions, and for that reason the assignment cannot be sustained. Cotulla v. Goggan, 77 Tex. 35, 13 S. W. 742; Landar v. Heermann, 85 Tex. 1, 19 S. W. 885; Jacobs v. Nussbaum & Scharff, 133 S. W. 484. This disposes of the only material questions presented by appellant's brief.

We are of opinion that the judgment of the court below should be affirmed; and it has been so ordered.

Affirmed.