# MISSOURI, K. & T. RY. CO. OF TEXAS v. PITKIN.

(Court of Civil Appeals of Texas. Austin. May 7, 1913. Rehearing Denied June 11, 1913.)

1. CONTINUANCE (§§ 24, 26*)—ABSENT WITNESSES—GROUND FOR CONTINUANCE.

Defendant cannot obtain a continuance on the ground of the absence of material witnesses, where it appeared that other witnesses could testify to the same fact and that due diligence had not been used.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 72, 74–93; Dec. Dig. §§ 24, 26.*]

2. CARRIERS (§ 321*)—CARRIAGE OF PASSENGERS—ACTIONS—INSTRUCTIONS.

In a personal injury action by a passenger, where the evidence merely showed that he refused to allow the railway company's doctor to amputate his arm, and there was no testimony that any of his injuries resulted from malpractice, a charge that in assessing plaintiff's damages he should be allowed such a sum of money as will fairly compensate him for the injuries that he sustained as the proximate result of defendant's negligence is not erroneous in permitting an award of damages for injuries not received from defendant's negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*]

**3. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL.**

The refusal of special charges covered by the charge given is proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

**4. DAMAGES (§ 132*)—PERSONAL INJURIES— MEASURE OF DAMAGES.**

An allowance of $12,500 to a passenger for personal injuries, which permanently incapacitated one arm and caused the bones of his ribs to press upon one lung, predisposing it to disease, is not excessive, where he had been a strong healthy man 33 years of age, accustomed to earn his living by manual labor.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

**5. COSTS (§ 260*)—VEXATIOUS APPEAL—DAMAGES.**

Merely because the questions presented by an appeal were not difficult and the appellate court believed that appellant's counsel did not have confidence in some of the assignments will not authorize an imposition of damages for vexatious appeal.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 983–996, 1002, 1003; Dec. Dig. § 260.*]

Appeal from District Court, Bell County; John D. Robinson, Judge.

Action by Orson Pitkin against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Alexander S. Coke and A. H. McKnight, both of Dallas, and Tyler, Hubbard & Tyler, of Belton, for appellant. Winbourn Pearce, of Temple, and A. L. Curtis, of Belton, for appellee.

KEY, C. J. Appellee brought this suit for damages caused by personal injuries sustained by him while riding as a passenger on appellant's road; the coach in which he was riding having been derailed and thrown from the track. It is not necessary to make any further statement as to the pleadings of either party. There was a jury trial, which resulted in a verdict and judgment for the plaintiff for $12,500, to reverse which this appeal is prosecuted.

It is virtually conceded in appellant's brief that the evidence was sufficient to warrant a verdict for appellee, and the only complaint as to the verdict is that it is excessive.

[1] The first assignment of error complains because the trial court overruled appellant's application for a continuance. Authorities cited by counsel for appellee show that the application failed to show proper diligence, and, besides, nearly if not all the facts which it is claimed could have been proved by the absent witness were proved by the plaintiff and other witnesses. Hence we overrule that assignment.

[2] The second, third, fourth, fifth, sixth, seventh, and eighth assignments complain of the action of the court in overruling objections to certain testimony. The questions presented by the assignments referred to are neither new, novel, nor difficult. The evidence complained of was admissible, and counsel for appellant have cited no authority in support of the objections urged against it. In stating the measure of damages, the court instructed the jury, in part, as follows: "If you find for plaintiff, you will say so by your verdict, and in assessing his damages you will allow him such sum of money as if paid in cash in hand at this time will fairly and justly compensate him for the injuries, if any, that the evidence in the case shows that he has sustained as a direct and proximate result of the defendant's negligence, if any," etc. The objection is that the language of the charge quoted did not restrict appellee's right to recover to the injuries alleged in his petition and permitted the jury to award him damages for any other injuries shown by the evidence and resulting from appellant's negligence. Taking the entire charge together, we do not think it is susceptible of the construction urged and are satisfied that the jury was not misled thereby. As tending to show that appellee may have sustained injury from another source, the statement of testimony under this assignment is that appellee testified that Dr. Barton took him to the King's Daughters Hospital after the wreck, and that when they went to operate on him he refused to get on the operating table if they were going to cut off his arm, and he referred to Dr. Barton as the Katy surgeon. His arm was not amputated, and the testimony referred to does not tend to show that any of his injuries resulted from malpractice or improper or unskillful treatment by Dr. Barton or any other surgeon; and, for the reasons stated, the assignment complaining of that paragraph of the charge is overruled.

[3] The tenth and eleventh assignments complain because the trial court refused to give two special charges requested by appellant. The jury had already been properly and sufficiently instructed on the subjects covered by the refused charges, and therefore no error was committed in the particulars referred to.

[4] The twelfth and last assignment assails the verdict as being excessive. The evidence was sufficient to show that at the time of the injury appellee was a strong, healthy man, 33 years of age; that he had no profession or avocation by which he could earn a livelihood except by manual labor; he had made his own living for 12 years by doing farm work, railroad work, work on a ranch, etc. As a result of his injuries he has lost the use of one of his arms; he is permanently injured in one shoulder and three ribs; and the latter injury is such that the broken bones of the ribs press on one lung, thereby causing irritation and inflammation and predisposing that lung to disease. It was shown that he had suffered a great deal of physical pain; that the injuries referred to were permanent; and that he would probably suffer

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

a great deal of pain in the future. On this state of facts we hold that the verdict is not excessive. Railway Co. v. Toliver, 37 Tex. Civ. App. 437, 84 S. W. 375; Railway v. Garber, 51 Tex. Civ. App. 70, 111 S. W. 227; Railway v. Motwiller, 101 Tex. 515, 109 S. W. 918.

This disposes of all the questions presented in appellant's brief and results in an affirmance of the judgment.

[5] In appellee's brief it is suggested that the appeal is for delay and appellee asks that we exercise the power conferred by statute and assess 10 per cent. damages for the reason, so it is claimed, that it is apparent that the appeal is prosecuted for delay only. While we have found no difficulty in deciding the questions presented, and while we may not believe that counsel for appellant have confidence in some of the assignments presented in their brief, and very little in others, still we are not prepared to hold that the appeal has been prosecuted for delay only, and therefore we decline to grant appellee's request for damages.

Judgment affirmed.