## TEXAS CO. v. EARLES.

(Court of Civil Appeals of Texas. Dallas. Jan. 10, 1914. On Motion for Rehearing, Feb. 14, 1914.)

1. APPEAL AND ERROR (§ 917*) — PRESUMPTIONS.

Where the record does not show that defendant's general demurrer to the petition was presented to and acted upon by the trial court, it must be presumed that such demurrer was abandoned or waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3706–3709; Dec. Dig. § 917.*]

2. APPEAL AND ERROR (§ 1041*)—PLEADING (§ 228*)—AMENDMENT—ALLOWANCE.

It is within the discretion of the trial court to permit a trial amendment to the petition, even though exceptions have been sustained, and the mere failure to replead as directed by rule 27 for the district and county courts (142 S. W. xix), if the case is not then tried, will not work a reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4106–4109; Dec. Dig. § 1041;* Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**3. APPEAL AND ERROR (§ 1002\*) — REVIEW — QUESTIONS OF FACT.**

Where the evidence is conflicting, but is sufficiently substantial to, sustain the verdict, the appellate court will not review the same, though it may have arrived at a different result as an original proposition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.\*]

**4. TRIAL (§ 295\*)—INSTRUCTIONS—CONSTRUCTION AS A WHOLE.**

In determining the sufficiency of a charge, it must be construed as a whole.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.\*]

**5. TRIAL (§ 260\*)—INSTRUCTIONS—REQUEST.**

Special charges requested are properly refused where they are covered by the charge as given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.\*]

**6. MINES AND MINERALS (§ 121\*)—PIPE LINES—DAMAGES FOR ESCAPE.**

The owner of a pipe line which carries oil through the ground is liable for damages caused by its escape regardless of his negligence.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 242, 244; Dec. Dig. § 121.\*]

**7. APPEAL AND ERROR (§ 978\*)—REVIEW—DISCRETION OF TRIAL COURT.**

The denial of a new trial on the ground that one of the jurors disclosed material facts which had not been introduced upon the trial will not be reviewed on appeal, where the trial court heard evidence in accordance with Rev. St. 1911, art. 2021, and no abuse of its discretion appears.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3866–3870; Dec. Dig. § 978.\*]

**On Motion for Rehearing.**

**8. EVIDENCE (§ 7\*) — JUDICIAL NOTICE — POISONOUS CHARACTER OF OIL.**

In a suit against a pipe line company for the death of cattle claimed to have been killed by poisonous oil, which escaped from the pipe line into a creek flowing through plaintiff's pasture, the court cannot take judicial notice that the oil is poisonous, and will cause the death of cattle drinking it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 6; Dec. Dig. § 7.\*]

Appeal from Ellis County Court; J. C. Lumpkins, Judge.

Action by W. H. Earles against the Texas Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded on rehearing.

W. H. Fears, of Waxahachie, for appellant. T. H. Collier, of Ennis, for appellee.

TALBOT, J. Appellee sued appellant to recover damages for the death of 16 head of his cattle, and for injury of 29 head, caused by drinking water poisoned by oil, which escaped from appellant's pipe line in Ellis county, Tex., at a point where it crosses Chambers creek, and which flowed down said creek into the pasture where plaintiff's cattle were confined. It is alleged that the 16 head of cattle that died were of the reasonable value of $25 each, and that the 29 head

alleged to have been injured were damaged $5 per head. The answer of the defendant consisted of a general demurrer and general denial. A jury trial resulted in a verdict and judgment in favor of the plaintiff, and the defendant appealed.

[1] The record does not show that defendant's general demurrer to plaintiff's petition was presented and acted upon by the trial court, and, under repeated decisions of the appellate courts of this state, it must be held that such demurrer was abandoned or waived.

[2] The assignment complaining of the court's action in overruling defendant's motion to strike out plaintiff's trial amendment presents no reversible error. It is within the discretion of the trial court to permit a trial amendment of the plaintiff's petition, whether exceptions to the original petition had been sustained or not (American Warehouse Co. v. Ray, 150 S. W. 763), and the mere failure to replead, if the case is not then tried, as directed by rule 27 for district and county courts (142 S. W. xix) should not work a reversal of the case.

[3] Appellant's third and sixth assignments of error are presented together, and charge that the verdict of the jury is contrary to and not supported by the evidence. These assignments are overruled. The evidence was conflicting upon the issue of whether or not the oil from defendant's pipe line reached the pasture in which plaintiff's cattle were confined and injured them; but it cannot be said that the verdict is without evidence to support the jury's finding upon this issue. On the contrary, the record discloses substantial evidence. which authorizes and sustains the verdict, and, this being true, no matter what might have been the views of this court in regard to the same as an original proposition, we would not be warranted in disturbing the verdict.

[4, 5] The court's charge is not subject to the criticism contained in appellant's fourth and fifth assignments. Construing the charge as a whole, it is practically without error, and presents and applies, substantially, all the law applicable to the facts of the case. There was no error, therefore, in refusing the special charges requested by appellant, the refusal of which is made the basis of its seventh assignment of error. They were sufficiently covered by the court's main charge.

[6] Nor did the court err in refusing to give appellant's special charge, to the effect that, before plaintiff would be entitled to recover, he must establish by a preponderance of the evidence that the defendant was guilty of negligence, either in the construction or in the operation of its pipe line. If oil escaped from appellant's pipe line, and flowed down Chambers creek into the pasture in which appellee's cattle were kept, and the cattle drank said oil, and were injured and

killed as claimed by appellee, then appellant was liable for the damages sustained by appellee thereby, regardless of the question of negligence on the part of appellant in the construction or maintenance of said pipe line. Texas & P. Ry. Co. v. O'Mahoney, 24 Tex. Civ. App. 631, 60 S. W. 909; Texas Co. v. Giddings, 148 S. W. 1142.

[7] The ninth and last assignment asserts that the court erred in refusing to give appellant a new trial, because it was made to appear on the hearing of its motion therefor that the jury, after they had retired to consider of their verdict, and before they had agreed upon the same, received material testimony from one of the jurors which had not been introduced upon the trial of the case. Article 2021 of our Revised Statutes provides: "Where the ground of the motion is misconduct of the jury or of the officer in charge of same, or because of any communication made to the jury, or because the jury received other testimony, the court shall hear evidence thereof; and it shall be competent to prove such facts by the jurors or others, by examination in open court; and, if the misconduct proven, or the testimony received, or the communication made, be material, a new trial may, in the discretion of the court, be granted." In accordance with this statute the trial judge heard evidence touching the communication charged to have been made to the jury, and, in the exercise of that discretion conferred upon him by the statute quoted, refused to grant the new trial. The investigation of the matter seems to have been full and fair, and no abuse of the court's discretion is made to appear. This being true, the court's action will not be disturbed. Our conclusion is that no reversible error has been pointed out, and the judgment of the court below should be affirmed. It is therefore accordingly so ordered.

Affirmed.

## On Motion for Rehearing.

[8] Further consideration of this case on appellant's motion for a rehearing leads us to the conclusion that we erred in affirming the judgment of the county court. We discover that there is absolutely no evidence in the record showing or tending to show that the oil which it is alleged injured and killed appellee's cattle was poisonous, or otherwise of such a character as would, when drank, result in their injury or death. The point is made that, without proof that such would probably be the effect of drinking the oil, the verdict is not supported by the evidence. We believe this is the correct view of the matter. It cannot be said, we believe, that it is a matter of common knowledge that the character of oil which escaped from the pipes of appellant would, if drank by an animal, have the effect to injure or kill it; hence the county court nor this court can judicially know that such would be its effect.

We are further of the opinion that the evidence, without contradiction, discloses that one of the cattle alleged to have been killed by drinking the oil in question, and for the value of which appellee recovered judgment, died before the oil escaped from appellant's pipe, and of course in such case appellant was not responsible for its death. This might be corrected by requiring a remittitur, or by reforming the judgment; but the case, for the reason above indicated, would have to be reversed and remanded anyway.

Appellant's motion for rehearing is therefore granted, and the judgment of the court below is reversed, and the cause remanded for a new trial.