## GOODMAN v. REPUBLIC INV. CO.
### (No. 1000.)

(Court of Civil Appeals of Texas. El Paso. Oct. 16, 1919. On Motion for Rehearing, Nov. 6, 1919.)

1. APPEAL AND ERROR 🔑1041(3)—REFUSAL OF AMENDMENT TO ANSWER HARMLESS ERROR.

In an action for rent, refusal of court to permit defendant to amend his answer to show that he was a member of a partnership was harmless, if error, where it appeared from defendant's own testimony that the partnership had been dissolved and that he had taken over all the assets and assumed all the liabilities and that no partnership existed during the time for which the rent in suit became due.

2. CONTINUANCE 🔑7—PLEADING 🔑236(4)—POSTPONEMENT OF TRIAL IN DISCRETION OF COURT.

Postponement of a trial is in the sound discretion of the trial court, and it was not an abuse of discretion to refuse to permit an amendment to be filed after evidence was in, setting up facts which were within the pleader's knowledge before the trial.

3. PARTIES 🔑84(1) — WAIVER OF RIGHT TO JOIN PARTIES.

In an action under a lease for rent where defendant was sued as an individual and answered as such and went to trial, he waived his privilege to join other persons as parties defendant on the ground that they were partners and jointly liable.

4. JUDGMENT 🔑251(1)—AGAINST DEFENDANT THOUGH OTHERS JOINTLY LIABLE.

In an action against one for rent under a lease, a judgment against defendant was proper, although the facts showed a partnership con-

tract between defendant and others and that other persons were jointly liable, where defendant admitted the facts which made him individually liable for the whole, having bought out the other partners and assumed their liabilities, and failed to seasonably file a plea in abatement to have such other persons made parties.

**5. PARTNERSHIP ⇐⇒165—LIABILITY OF PARTNERS.**

Partners are individually and personally liable, as well as jointly liable, for partnership obligations.

**6. LANDLORD AND TENANT ⇐⇒233(4)—RESUMPTION OF POSSESSION BY LANDLORD.**

In an action for rent, where defendant alleged that he had surrendered the premises to the plaintiff and that plaintiff had taken possession thereof and there was evidence pro and con, court properly gave an instruction stating what would constitute a resumption of possession and control.

**7. LANDLORD AND TENANT ⇐⇒186(2), 198—RESUMPTION OF POSSESSION AND CONTROL.**

In order that entry on land by lessor amount to a resumption of possession, it must be inconsistent and hostile to the right of possession of the tenant, and a mere entry to make preservative repairs or for any other purpose, providing same is made in subserviency to the estate of the tenant and without intention to resume possession of the premises, does not amount to a resumption of possession and control.

**8. LANDLORD AND TENANT ⇐⇒233(2)—DUTY OF LESSOR TO REPAIR FOR THE COURT.**

The question of whether or not a lessor was bound to make repairs under a lease was a question for the court and not the jury.

**9. EVIDENCE ⇐⇒358—LANDLORD AND TENANT ⇐⇒231(2)—IN ACTION FOR RENT PLANS AND SPECIFICATIONS SHOWING PROPER CONSTRUCTION ADMISSIBLE.**

In an action under a lease for rent, where defenses were that building was not constructed according to agreement between lessor and lessee and faulty construction, the court properly permitted plaintiff to introduce in evidence the plans and specifications for the building, and to show that water which accumulated in the basement was seepage water caused by the United States reclamation in handling water for irrigation purposes.

**10. EVIDENCE ⇐⇒471(30)—OF ALLEGED AGENT AS TO AGENCY.**

In an action under a lease for rent, where defense was that defendant had surrendered building and plaintiff had accepted the same from one N., it was not error to admit the testimony of N. to the effect that he was agent for the defendant and not the plaintiff.

**11. CONTINUANCE ⇐⇒24, 26(5)—ABSENCE OF WITNESS.**

It was not error to refuse continuance for a witness, where no process was issued, and where he was an expert witness as to the proper construction of a building, and others testified, and doubtless others could have been found to testify concerning the matter.

**12. NEW TRIAL ⇐⇒102(1)—NEWLY DISCOVERED EVIDENCE.**

In an action for rent, where defense was that plaintiff had not constructed building as agreed, it was not error to refuse a new trial on the ground of newly discovered evidence to the effect that the building was not constructed according to the plans and specifications.

**13. JUDGMENT ⇐⇒262—MOTION IN ARREST FOR DEFECT OF PARTIES.**

One who entered into a lease without revealing names of his partners, and proceeded in a trial against him for rent up to the closing of the testimony without attempting to plead the facts and ask that the other partners be brought in, was in no position to demand an arrest of judgment simply because such other persons might be jointly and severally liable with him.

**14. JUDGMENT ⇐⇒267—TIME FOR PASSING ON MOTION IN ARREST.**

The making of a motion in arrest of judgment does not prevent a court entering judgment before passing upon the motion, there being nothing in Rev. St. 1911, art. 2023, to indicate that a motion in arrest of judgment has precedence over a motion for a new trial.

On Motion for Rehearing.

**15. PLEADING ⇐⇒236(3)—TRIAL AMENDMENTS WITHIN DISCRETION OF COURT.**

It is within the discretion of the court to permit the filing of trial amendments.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by the Republic Investment Company against Sam Goodman. Judgment for plaintiff, and defendant appeals. Affirmed.

M. W. Stanton and M. V. Ward, both of El Paso, for appellant.

Jones, Jones, Hardie & Grambling, of El Paso, for appellee.

HARPER, C. J. The Republic Investment Company brought this action against Sam Goodman for rents due in the sum of $3,180. As pertinent to this appeal, plaintiff, by second amended original petition, alleged that defendant, Sam Goodman, doing business under the firm name and style of Sam Goodman & Co., executed his written contract to lease from Victor Carusso a certain building for a period of five years at a monthly rental of $290 per month, dated August 31, 1915; that defendant paid the rent to Carusso up to June 21, 1917, when the premises were sold to the plaintiff, and lease assigned; that the rents were then paid to plaintiff up to January 1, 1918. A copy of this lease contract is attached to the petition and made a part thereof.

Defendant answered by general and special exceptions and general denial, and specially pleaded in reconvention for damages and offset to the unpaid balance under the contract, that the lease was executed prior to the erection of the building, and that it was col-

laterally agreed between him and Carusso that the building should be so constructed that it would be suitable to be used for storing goods for wholesale grocery house, and that it was so defectively constructed that it leaked and water seeped into the basement as to render it unfit for the purpose for which it was leased, and that for that reason it was vacated and redelivered to plaintiff; that plaintiff resumed control and collected rents, etc., and therefore he is not liable, or at least that he be given credit for the amount collected, etc.

After the evidence was all in, the court granted plaintiff leave to file a trial amendment, which in substance is as follows, to wit:

"That at the time of the execution of the lease sued on Sam Goodman & Co. was a firm composed of Sam Goodman, Harry Goodman, and Max Atkin; that prior to the institution of their suit the partnership had been dissolved, and all partnership property disposed of except such as remained in the possession of and became the property of Sam Goodman; that Sam Goodman assumed all the liabilities and obligations of the firm; that by reason thereof he became personally liable to plaintiff for the balance due under the lease."

The defendant moved to strike out this amendment because it sets up a new cause of action and revealed that there were necessary parties defendant, etc., also filed general and special exceptions to this pleading raising the same question. The court overruled the motion and exceptions, and this is assigned as error in assignments 4, 5, 6, 7, 8, 9, 10, and 41a, and 42.

[1.] It will be noted that, in the pleadings of plaintiff first quoted, Sam Goodman is alone sued and is the sole obligor, and the record shows that the defendant objected to the introduction of the lease because it had been shown that it was in fact a joint lease to the three persons composing the partnership, whilst the lease pleaded was charged to be the individual obligation of Sam Goodman, and this objection was overruled. So it is evident that the trial amendment was filed to meet this objection. As was held in Demetri v. McCoy, 145 S. W. 294:

"This was not a proper use of a trial amendment, which is only allowed when it becomes necessary in the progress of a trial to meet a ruling of the court sustaining an exception to the pleading, * * * and there is no opportunity to rewrite the whole pleading."

But, as also held in the cited case, we are of the opinion that the first pleading was sufficient to admit the contract pleaded, so if error to permit the plaintiff to file same it was harmless under the facts of this case.

The defendant, Sam Goodman, testified:

"That Atkin sold his interest in the business to himself and brother in August, 1917, and retired from the firm. That the partnership be-

tween himself and brother continued until October, 1917, at which time they sold out." And he further testified "that he took over all the assets of the business himself."

This suit, therefore, was filed for rents beginning January, 1918, when there was no longer a partnership existing and no partnership property to be subjected to the payment of the debt except that which the defendant had retained. There is therefore no change in the cause of action, and the extent of appellant's liability is the same in both pleadings. Massey v. Blake, 3 Tex. Civ. App. 57, 21 S. W. 782; Snaman v. Lane, 184 S. W. 366.

Upon the court refusing to strike out plaintiff's trial amendment upon motion, the defendant requested leave to file a reply in the form of a trial amendment and for time to prepare it, whereupon the court directed that time would be given to file exceptions, but no new matter should be set up. Whereupon defendant, as he expresses it, "believing that he had the right to file an amendment setting up all matters pertinent to the case," did prepare and file a trial amendment containing allegations that this lease was a partnership contract for which the other members were jointly liable with him, and prayed that he be permitted to withdraw his announcement of ready for trial, and that the cause be continued for the purpose of making the other members of the partnership parties to the suit. This trial amendment the court refused to consider, except as to exceptions contained in it, and they were overruled, both of which are assigned as errors.

[2, 3] Postponement of a trial is in the sound discretion of the trial court, and it is not an abuse of this discretion to refuse to permit an amendment to be filed after the evidence was in setting up facts which were within his knowledge before the trial, and he must be held to have waived his privilege to make such joinder of parties. McGregor v. Skinner, 47 S. W. 398; Sellers v. Puckett, 180 S. W. 639.

The seventeenth and eighteenth are that the court erred in refusing to present the charge to counsel for additional objections and exceptions thereto after the new evidence and trial amendments, but his bill of exception shows that such were filed and overruled.

The trial court submitted the following special issues, and the jury answered them as next indicated.

(1) Was it collaterally agreed that the building should be so constructed as to be suitable for use in conducting a wholesale grocery business? Answer: Yes.

(2) Was it reasonably suitable for that purpose? Answer: Yes.

(3) If defectively constructed, were any of the defendant's goods damaged by reason thereof? No answer.

(4) What was the value of the goods? No answer.

(5) Did plaintiff take over the possession and control of the premises? No.

Appellant interposed many objections to the charges of the court and has urged error by numerous assignments and propositions to the fact that they were not sustained. It is our purpose to discuss each and every point made without specific mention of each and every assignment under which raised.

[4, 5] First, it is urged that the facts show that the lease contract pleaded was with the firm of three members, and plaintiff had pleaded a contract executed by Sam Goodman alone for himself; therefore the pleading and proof did not correspond; hence the court should not have submitted the case to the jury at all, but should have given defendant's charge, a peremptory instruction for defendant. It is true that the facts show a partnership contract when executed, and that three persons are jointly liable for the balance due, but they are also individually and personally liable, and since the defendant has admitted the facts which make him individually liable for the whole, as indicated above, and he has failed to seasonably file his plea in abatement to have the others made parties, it was not error to submit the issues upon which liability is predicated to the jury, and base the judgment upon such findings against him alone.

This disposes of the contention that the court should have sustained a motion in arrest of judgment for the same reason.

Appellant attacks special issue No. 5, above quoted, upon the ground that there was no pleading or proof to call for it. Appellant pleaded that he redelivered the premises to appellee, and that it accepted same and collected rents, etc. There was evidence adduced pro and con upon the issue, and it became necessary to submit it to the jury.

[6, 7] In addition to the charges above quoted, the court gave the following:

"In connection with special issue No. 5 of the court's main charge, you are instructed: That it is not every entry by the landlord on the land of the tenant that will constitute a resumption of possession and control. In order that such entry amount to a resumption of possession it must be inconsistent and hostile to the right of possession of the tenant, and a mere entry on the premises to make preservative repairs, or for any other purpose, providing same is made in subserviency to the estate of the tenant, and without intention to resume possession of the premises, would not amount to a resumption of possession and control. However, any entry of the landlord hostile to the right of possession of the tenant would be a resumption of possession by the landlord."

Appellant charges this to be erroneous in that it does not state the law applicable to the pleadings of facts, and that there was no such issue presented.

The charge is the law applicable to the issue made by defendant as above indicated. It is not every taking over of premises that amounts to a cancellation of a lease. Texas Loan Agency v. Fleming, 92 Tex. 458, 49 S. W. 1039, 44 L. R. A. 279, and the jury have found that in this case there was no possession taken by the plaintiff.

It is further urged that it was error for the court to refuse to submit special issue of defendant as to amount of rent collected by plaintiff. A question was submitted to the jury upon this issue in case the jury found that the defendant took the premises over. They having found that there was no taking over, there was no occasion for answering the question.

[8] There is no evidence in the record of partial failure of consideration nor of fraudulent misrepresentations. It was therefore not error to refuse charges requested upon such questions. The question of whether the plaintiff was bound to make repairs, being governed by the contract was for the court and not the jury, so it was not error to refuse to submit that question.

[9] Other assignments charge error in admitting evidence over defendant's objections, such as the plans and specifications for the building; that water which accumulated in the basement was seepage water from the Rio Grande river, caused by the act of the United States reclamation service in handling the water of the river for irrigation purposes.

These were admissible facts properly admitted as circumstantial evidence that the building as constructed and delivered to defendant was suitable for the purposes of a wholesale grocery business and to controvert the testimony of witness Fritch for defendant who testified to faulty construction.

[10] It was not error to admit the testimony of Newman to the effect that he was agent for Goodman and not plaintiff, for the reason that Goodman was contending and testified that he delivered the premises to plaintiff, and that it received same and collected the rents, so it became proper for plaintiff to show that the facts were to the contrary.

[11] It was not error to refuse continuance for witness, where no process was issued, and where he was an expert witness as to the proper construction of a building, others testified, and doubtless others could have been found to testify concerning the matter. Ry. Co. v. Pitkin, 158 S. W. 1035.

[12] And it was not error to refuse a new trial upon the ground of newly discovered evidence to the effect that the building was not constructed in accordance with the plans and specifications.

[13] The appellant filed a motion in arrest of judgment at the time the jury returned their verdict upon the ground that the pleadings were not sufficient because the suit was

against Sam Goodman in his personal capacity when the facts show that he was a member of a copartnership, etc.

There was no merit in the motion, for the reason that appellant having entered into the contract without revealing the names of his partners, and having proceeded with the trial of the case up to the closing of the testimony without having pleaded the facts and asked that the other parties be brought in, he is in no position to prevent plaintiff from proceeding to enforce the individual liability against himself simply because some other persons may be jointly and severally liable with him. Lumsden v. Jones, 205 S. W. 375.

[14] Neither is there any merit in the proposition that the court had no authority to enter a judgment so long as the motion in arrest of judgment had not been passed upon. Motions for new trial and in arrest of judgment are provided for in the same article of the statute. Article 2023, Revised Civ. Stat. 1911. And there is nothing to indicate that one has precedence over the other in any respect. They may therefore both be overruled or granted, as the case may be, at one and the same time. It certainly could make no difference in the practical results when either was overruled if done during the term of court as required by law.

Finding no error, the cause is affirmed.

### On Motion for Rehearing.

[15] The holding in the original opinion that "trial amendments are only allowed when it becomes necessary in the progress of a trial to meet a ruling of the court sustaining an exception to the pleading, and there is no opportunity to rewrite the whole pleading," is more restrictive than should be. It is within the discretion of the court to permit the filing of trial amendments. Moore v. Moore, 73 Tex. 382, 11 S. W. 396; Railway Co. v. Huffman, 83 Tex. 286, 18 S. W. 741; Texas Co. v. Earles, 164 S. W. 28. And there was no abuse of the discretion in this case.

With this correction the motion is overruled.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes