## FOWLER COMMISSION CO. v. CHARLES LAND & CO.  (No. 6608.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 26, 1921. Rehearing Denied Nov. 30, 1921.)

Partnership ⬅197—Action against a defendant using firm name held against him as an individual, so that there could be no recovery on theory that he was partner.

An action against C. L., who it was alleged "sometimes uses and does business in the name of C. L. & Co.," was an action against the defendant as an individual, and no recovery could be had on the theory that he was a member of a partnership.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by H. T. Fowler, doing business as the Fowler Commission Company, against Charles Land, doing business as Charles Land & Co. Judgment for defendant, and plaintiff appeals. Affirmed.

E. B. Ward, of Corpus Christi, and Cooper, Neel & Wright, of Kansas City, Mo., for appellant.

Graham, Jones, Williams & Ransome, of Brownsville, for appellee.

FLY, C. J. This suit was instituted by H. T. Fowler against Charles Land, in which it was alleged that—

H. T. Fowler "is engaged in the wholesale grain and feed business, and uses the business or trade name Fowler Commission Company, in the transaction of his business, and that defendant, Charles Land, resides in Nueces county, Tex., and sometimes uses and does business in the name of Charles Land & Co. and maintained an office and place of business in the city of Laredo, Webb county, Tex., during the time of the several transactions herein alleged and complained of."

The cause was tried by the court, without a jury, and judgment rendered that appellant take nothing by his suit.

The findings of fact of the trial judge are not assailed and, with the unnecessary verbiage omitted, are adopted by the court:

"On or about February 2, 1916, plaintiff entered into a contract with Charles Land & Co., a copartnership firm composed of Charles Land and H. L. Huff, acting by and through H. L. Huff, to sell to Charles Land & Co. five cars of bulk, No. 3, white corn at an agreed price of 89 cents per bushel to be delivered in Laredo, Tex., and to draw drafts on Charles Land & Co. with bill of lading attached, through the City National Bank of Corpus Christi, Tex., for the amount of the purchase price thereof.

"On or about February 14, 1916, plaintiff entered into another contract with Charles Land & Co., a copartnership firm composed of Charles Land and H. L. Huff, acting by and through H. L. Huff, to sell to Charles Land & Co. five more cars of No. 3 white corn in even weight bags at an agreed price of 89¾

cents per bushel to be delivered in Laredo, Tex., and to draw drafts on Charles Land & Co. with bill of lading attached through some bank in Brownsville, Tex., for the amount of the purchase price thereof.

"The plaintiff complied with the terms of said contracts, but that Charles Land & Co. did not do so, and that the plaintiff was injured and damaged in the sum of $1,923.86."

The court concluded that Land was sued as an individual and not as a member of a partnership and that he was not liable in his individual capacity. That conclusion raises the only point in this case.

There is no possibility of doubt that Charles Land was sued as an individual and not as the member of a partnership or firm. The allegation that the individual, Charles Land, "sometimes uses and does business in the name of Charles Land & Co.," did not alter the fact that he was doing that business as an individual, no matter what trade-name he had. Under the allegations, he was doing business as an individual, who sometimes called himself in business Charles Land & Co., just as appellant, H. T. Fowler, did business as an individual under the business or trade-name of Fowler Commission Company. It was not hinted that either of the parties was operating as a member of a partnership, but as an individual. We know of no rule of pleading that would permit a party to sue another as an individual and then obtain judgment against him as a member of a partnership. The old rule that allegations and proof must correspond would be destroyed if such a judgment were permitted. It is not claimed that a partnership was alleged, nor that the fact of a partnership, as found by the court, was not sustained.

The articles of the statutes cited by appellant have no applicability to a case like this. There can be no doubt that if the suit had been against Charles Land & Co., as a partnership, and only Land had been served, judgment could have been rendered against the partnership and against Land; but no statute provides that a party can be sued as an individual, and upon proof of a partnership of which he is a member, being liable, that judgment could be rendered against him individually.

In the case of Goodman v. Republic Inv. Co., 215 S. W. 466, Goodman had bought out all the interest of his partners, and the rents sued for became due "when there was no longer a partnership existing, and no partnership property to be subjected to the payment of the debt except that which the defendant had retained." That case does not cover a case like the one under consideration, where the debt was made by a partnership which still existed when the suit was instituted and when the cause was tried. The other cases cited do not apply.

The judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes