FOWLER COMMISSION CO. v. CHARLES LAND & CO. (No. 397–5733.)*

(Commission of Appeals of Texas, Section A. Feb. 28, 1923.)

**1. Common law 12—Common law abolished.**

Common-law rules have been abolished in the state.

**2. Partnership 139, 200—Contracts joint and several.**

The contracts of a partnership are joint as to all of the partners and several as to each of them, and a holder of a claim against a partnership may proceed against any of the partners individually, and it is not necessary to join either of the other partners or the partnership.

**3. Partnership 200—Petition held susceptible of construction that plaintiff was proceeding against defendant individually upon partnership contract.**

A petition concerning contracts with C. L. & Co., a copartnership firm composed of C. L. and another, *held* susceptible of the construction that plaintiff was proceeding against C. L. individually, upon his several liability for the partnership contracts, and the trial court erred in deciding plaintiff was not entitled to recover against C. L., in that it was an action against the partnership.

**4. Parties 53—Incumbent upon defendant to plead facts showing third party a partner who should be brought into suit.**

If defendant wanted a third party brought in as a party defendant, as being a partner of the defendant, it was incumbent on him to plead such facts as would give notice of the relation to the court, and by proper and timely request have him brought into the suit.

**5. Pleading 398—Proof must be such as to mislead or surprise to constitute variance.**

To constitute a variance, the difference between pleadings and proof must be such as to mislead or surprise.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by H. T. Fowler, doing business under the name of the Fowler Commission Company, against Charles Land & Co. From a judgment of the Court of Civil Appeals (234 S. W. 709) affirming a judgment for defendant, plaintiff brings error. Reversed and remanded.

Cooper, Neel & Wright, of Kansas City, Mo., and E. B. Ward, of Corpus Christi, for plaintiff in error.

Graham, Jones & Williams, of Brownsville, for defendant in error.

GERMAN, J. H. T. Fowler, doing business under the name of Fowler Commission Company, brought this suit in the district court of Nueces county, Tex., against Charles Land. It was alleged that Charles Land sometimes did business in the name of Charles Land & Co., and maintained an office at Laredo, Tex., during the time of the transactions alleged as the basis of the suit. The petition alleged the making of a contract about February 2, 1916, under the terms of which plaintiff sold to the defendant five cars of white corn at an agreed price, which were shipped to defendant, and bills of lading with draft attached were sent through the bank at Corpus Christi. It also alleged the making of another contract about February 19, 1916, for five cars of white corn, at an agreed price, and which were shipped to defendant, the bills of lading with draft attached being sent through the bank at Corpus Christi. It was further alleged that said cars of corn were shipped by the plaintiff to defendant at Laredo, and after same arrived there defendant refused to accept the same or to pay for same, to plaintiff's damage $2,000. There was attached to the petition an exhibit showing substance of the various invoices in favor of plaintiff and against Charles Land & Co. and items of expense incurred in connection with the sale, shipment, and refusal of the corn, which items of expense were sued for as a part of the damages.

Charles Land answered by special plea that he did not make the contracts referred to, and by general demurrer and general denial.

The trial court found that the two contracts were made at the times alleged, and were in all things as alleged in the petition, except that the same were made by plaintiff with Charles Land & Co., a copartnership firm composed of Charles Land and H. L. Huff. That court also found that plaintiff fully complied with the terms of his contract, but that Charles Land & Co. did not, and that plaintiff was damaged in the sum of $1,923.86.

Under these pleadings and findings, the trial court concluded as a matter of law that the suit was brought against Charles Land in his individual capacity and not as a member of the firm of Charles Land & Co.; that Charles Land was not liable in his individual capacity for breach of a contract made between plaintiff and Charles Land & Co., of which Charles Land was a member, and that plaintiff was not entitled to recover anything against Charles Land, for the reason that the pleadings and the proof do not correspond.

On appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District this judgment was affirmed, the case being reported in 234 S. W. 709, under the style of Fowler Commission Co. v. Charles Land Co., which appears to have been the style the case took in the court below. The Supreme Court granted the writ of error because it was thought the pleadings were sufficient to war-

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied April 4, 1923.

rant judgment against Charles Land. We think there is no doubt but what this is correct.

[1, 2] In this state, common-law rules have been abolished, and the contracts of a partnership are joint as to all of the partners and several as to each of them. A holder of a claim against a partnership may proceed against any of the partners individually, and it is not necessary to join either of the other partners or the partnership. As between the partners, equity may require a marshaling of joint assets in payment of joint liabilities, or require contribution from one member to another, where a partner has been required individually to pay a partnership debt, but this does not limit the right of creditors to select any individual of the firm and collect their claims wholly from his individual property. Jameson v. Smith et al., 19 Tex. Civ. App. 90, 46 S. W. 864; Webb v. Gregory, 49 Tex. Civ. App. 282, 108 S. W. 478. While involving a state of facts different from those here, yet the cases of Glasscock v. Price, 92 Tex. 271, 47 S. W. 965, and Frank v. Tatum, 87 Tex. 204. 25 S. W. 409, are authority for the proposition that a partner may be sued alone for a personal judgment on his several liability on a partnership debt.

[3, 4] We think the petition in this case is clearly susceptible of the construction that plaintiff in error was proceeding against defendant in error individually upon his several liability for the partnership contracts. The liability of Charles Land was exactly the same as a member of the partnership of Charles Land & Co., as if he had made the contracts individually. All that was necessary in the pleadings was sufficient allegations to apprise him of the particular transactions declared upon. We think the petition, containing as it did the various details of the two transactions, in connection with the allegation that Charles Land did business under the name of Charles Land & Co., and in connection with the exhibits attached, the caption and its indorsements. was amply sufficient to give notice to defendant in error that the obligations sued upon were partnership obligations, but that it was sought to hold him individually liable. His partner was perhaps a proper party, but it was incumbent on him to plead such facts as would give notice of this to the court, and by proper and timely request have him brought into the suit. Davis v. Willis, 47 Tex. 154; Sellers v. Puckett (Tex. Civ. App.) 180 S. W. 640; Lumsden v. Jones (Tex. Civ. App.) 205 S. W. 375.

[5] The extent of the liability of defendant in error was the same whether sued as an individual or as a member of the partnership, and the petition was sufficient to inform him of the theory under which he was to be held liable. Although the state of facts may have been set out somewhat different, if he had been sued in his capacity as a partner, yet the cause of action would have been the same. Massey v. Blake, 3 Tex. Civ. App. 57, 21 S. W. 782; Lee v. Boutwell, 44 Tex. 152. Besides, to constitute a variance the difference between pleadings and proof must be such as to mislead or surprise; and the evidence in the case clearly shows that defendant in error was neither deceived nor surprised by the alleged variance. Bank v. Stephenson, 82 Tex. 435, 18 S. W. 583; Jones v. Davis Motor Car Co. (Tex. Civ. App.) 224 S. W. 701.

We therefore recommend that the judgment of the Court of Civil Appeals and the district court be reversed and the cause remanded.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission of Appeals on the question discussed in its opinion.