### KILLAM v. MOERBE.
#### No. 10534.

Court of Civil Appeals of Texas. San Antonio.

June 28, 1939.

Rehearing Denied July 26, 1939.

Neel & King and Hal F. Rachal, all of Corpus Christi, and Radcliffe Killam, of Laredo, for appellant.

T. H. Burruss and Purl & Pearson, all of Corpus Christi, for appellee.

SLATTON, Justice.

Albert Moerbe sued O. W. Killam to recover damages to livestock and real estate

resulting from the pollution of a stream of water running along the northern border of his land, which was caused by the negligence of Killam in permitting an oil well to blow out. A trial to the court resulted in a judgment in favor of Moerbe; Killam appeals.

The trial court found:

(1) That at the time of the blowout Killam did not keep a properly weighted mud mixture; that he had knowledge of the high gas pressure immediately preceding the blowout, and that failure to drill with properly weighted mud mixture was negligence and such negligence was the proximate cause of the injuries to appellee's property.

(2) That appellee suffered damages as follows: Livestock and chickens, $300; real estate, $300.

It is the contention of the appellant, made through his counsel in the brief and by an able oral argument, that the findings of the trial court are without support in the evidence with regard to the act of negligence and proximate cause of appellee's damages. It appears that if appellant be sustained upon either contention the judgment must be reversed. For these reasons we shall confine our discussion to the sufficiency of the evidence to show proximate cause of appellee's damage.

Appellee testified that he owned 185½ acres of land adjoining the creek on or about the 31st day of May, 1936, the date appellant's well blew out. That appellant's oil well is located near the bank of the creek several miles above his farm; that as a result of the blowout oil, gas, salt water and other chemicals flowed down the creek to where appellee's farm is situated; that he used sixty-five acres of land adjoining the creek for the purpose of raising his livestock and farming; that after the blowout of the well many of his chickens drank water out of the creek, became sick and died; that his livestock drank water from the creek, became sick and lost weight, thereby causing him to suffer damages to his livestock and chickens, and causing him to suffer damages to the land in not being able to continue to use the sixty-five acres for the purpose of raising livestock and farming; that grass and trees growing upon the second bank of the creek died.

Other witnesses gave evidence to the effect that on land adjoining the land of appellee four mules drank water from the creek after the blowout and one of them became sick. That witness had occasion to see appellee's land and stock before and after the blowout; that the stock were in good condition before the blowout, but after the blowout the hair came off the stock's legs and began to look "skinny and scabby." That after the blowout the oil came down the creek while the creek was on a rise, and when the creek subsided the second bank was saturated with oil, and that many of the chickens died after drinking water from the creek; that cattle which drank from the creek after the blowout became sick and poor and the milk from the cows had an unpleasant odor. Appellee testified that he called two veterinarians who treated his stock.

■ It is apparent from the foregoing evidence that the proximate cause of appellee's damages is the pith of this appeal. We need cite no authority upon the proposition that it was the burden of the appellee to show that his damages were proximately caused by the wrongful acts of the appellant, to entitle him to a recovery.

In the case of Texas Co. v. Earles, Tex. Civ.App., 164 S.W. 28, 30, upon motion for rehearing, it is said: "We discover that there is absolutely no evidence in the record showing or tending to show that the oil which it is alleged injured and killed appellee's cattle was poisonous, or otherwise of such a character as would, when drank, result in their injury or death. The point is made that, without proof that such would probably be the effect of drinking the oil, the verdict is not supported by the evidence. We believe this is the correct view of the matter. It cannot be said, we believe, that it is a matter of common knowledge that the character of oil which escaped from the pipes of appellant would, if drank by an animal, have the effect to injure or kill it; hence the county court nor this court can judicially know that such would be its effect."

■ We are of the opinion that the quoted opinion is sound and that it is applicable to the present case. See De Garza et al. v. Magnolia Petroleum Co., Tex.Civ. App., 107 S.W.2d 1078, writ dismissed; Pitzer & West v. Thigpen, Tex.Civ.App., 68 S.W.2d 324, writ dismissed.

Accordingly the judgment of the trial court will be reversed and the cause remanded for another trial.