HAMILL v. ASHLEY.

1. Where an action is brought by two persons as partners, and it is shown that they are not partners, and that one of them alone is the real party in interest, the court may, under Code of Civil Procedure, sections 78, 81, relating to amendment of pleadings, deny a nonsuit, and allow the complaint to be amended by striking out the name of the other party.

2. Defendant wrote to plaintiff: "It will be all right for you to do whatever surveying my man requires." In an action to recover for services rendered in pursuance of this letter, evidence of any instructions from defendant to his agent, not communicated to plaintiff, is not admissible.

*Appeal from Superior Court of Denver.*

THIS was an action to recover for certain services rendered in surveying certain lands. The action was commenced against the said William A. Hamill by the said John K. Ashley and one Peter O'Brien, as partners. It was tried to the court. At the close of the evidence for plaintiffs there, a motion for nonsuit was made by appellant, for the reason that from the evidence it appeared that the said plaintiffs were not partners, and that said Ashley was the real party interested in the action; whereupon the court granted an amendment of the complaint

by striking out the name of O'Brien, and then denied the motion for nonsuit. Appellant excepted, and proceeded with his evidence in support of his defense. The controversy was then over the amount that Ashley was entitled to recover in the action, it being contended by appellant that he was not liable for the full amount claimed, for the reasons that the charges for the services were unreasonable, and that his agent had transcended his authority in the premises. Before dealing with appellant's agent or undertaking to perform the services, appellee Ashley received from appellant a letter concerning the said agent and services, as follows:

"GEORGETOWN, COLO., May 27, 1882.

"*Ashley, Esq., County Surveyor, Tabor Block, Denver:* My man, F. W. Cline, writes me here, he has seen you in reference to surveying some four hundred and forty acres of land near Argo. It will be all right to do whatever surveying Cline requires, in addition to running out the lines of the several tracts that go to make up the four hundred and forty acres. The land is as follows: West half of southwest quarter of section 2, township 3 south, range 68 west; southwest quarter of northwest quarter of section 2, township 3 south, range 68 west; northeast quarter of southeast quarter of section 3, township 3 south, range 68 west; southeast quarter of northeast quarter of section 3, township 3 south, range 68 west. This is the old Page place. Also southeast quarter of southeast quarter of section 3, township 3 south, range 68 west; the east half of northeast quarter of section 10, township 3 south, range 68 west; the northwest quarter of northwest quarter of section 11, township 3 south, range 68 west; and the west half of southeast quarter of section 10, township 3 south, range 68 west. This last eighty acres I bought from W. A. Smith, and Mr. Smith informs me that there is a stone placed in the ground that is in the exact position of the original post planted when the government survey was made. My man, Cline, can

point it out to you. If convenient, would like you to commence surveying on Tuesday next, the 30th inst.

"Yours truly,          W. A. HAMILL."

And prior thereto appellant had instructed his agent, Cline, as follows:

"GEORGETOWN, COLO., May 1, 1882.

"*Mr. Fred W. Cline, Hamill's Farm, near Argo* — DEAR SIR: * * * 'Surveyor.' You might ask Mr. Wolcott, or one of his clerks, the name and address of the county surveyor, then go and see him and have him say what he will charge per day; and if it is a reasonable charge, let him run out my lines on the entire four hundred and forty acres, establishing corners that cannot be destroyed, and also level over the land, and ascertain the best places to get ditches. I cannot get away from here for some days.

"Yours truly,          W. A. HAMILL."

The court held that the appellee was not bound by any instructions to the agent, Cline, not communicated to him, and accordingly excluded all evidence of that character, including the said letter to Cline. It is argued for appellant here, that, in each of these orders and rulings, the court erred.

Messrs. MORRISON and FILLIUS, for appellant.

Mr. W. B. MILLS, for appellee.

STALLCUP, C. Section 78 of our Code of Civil Procedure provides that the court may, in furtherance of justice, amend any pleading by adding or striking out the name of any party, or by correcting a mistake in any other respect. Section 81 provides that the court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and that no judgment shall be affected or reversed by reason thereof. The order for the said amendment, and the denial of the said motion for nonsuit, were warranted by these provisions.

The said letter to appellee was a sufficient warrant for him to deal with the agent, Cline, in the surveying of these lands, as one vested with full authority therein; and any private instructions limiting such authority, not communicated to appellee, were properly excluded. Story, Ag. § 127; *Higgins v. Armstrong*, 9 Colo. 38. The fact that the services rendered by appellee were in his capacity of county surveyor in no way diminished his rights in this action.

This action was for a recovery of the reasonable value of the services rendered in surveying the lands described. There was some conflict in the evidence, but there was evidence to sustain the findings of the court of the value of the services, and that the services were rendered in compliance with the request made, and directions given by the agent, Cline. The judgment should be affirmed.

Rising and De France, CC., concur.

Per Curiam. For the reasons assigned in the foregoing opinion the judgment of the superior court is affirmed.

*Affirmed.*