## COWAN, Respondent, v. LEMING, Appellant.

### St. Louis Court of Appeals, March 7, 1905.

1. **PARTNERSHIP:** Deceased Partner: Administration. The plaintiff brought suit before a justice of the peace against two partners as a partnership, and having obtained service on only one, dismissed as to the other, and recovered judgment against the one served. Pending an appeal, the defendant, against whom the judgment was rendered, died. The cause was revived against his administrator and judgment rendered against such administrator. *Held,* the court was without authority to award execution against the administrator of the partnership estate, but could, under sections 65 and 191 of the Revised Statutes of 1899, have ordered the judgment certified to the probate court for allowance and classification against the partnership estate.

2. ———: Judgment Against One Partner. The dismissal of the suit as to one partner and taking judgment against the other had the effect to dismiss the suit against the partnership, leaving the partner served to answer individually for the debt; the plaintiff thereby abandoned his right to look primarily to the assets of the partnership for the payment of his debt.

3. ———: ———: Individual Liability. But the taking judgment against one partner did not release the other partner from liability for the debt individually.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*Wilson & Dempsey* for appellant.

In treating of the effect of a dismissal of a suit against one partner and taking judgment against the other, Mr. Parsons lays down the rule in the following language: "And a judgment obtained against one partner, whether the other be ostensible or secret, discharges the firm from liability to be sued for the same

debt." Parsons' Law on Contracts, 2 Ed., chapter 6, star, page 107; Freeman's Law of Judgments, 2 Ed., section 232; Hill et al. v. Bell et al., 111 Mo. 44, 19 S. W. 959; Bowen v. Mill Co., 31 Iowa 460; Travis v.Tortt, 8 Alabama 574; Ex parte Ware, 48 Alabama 223.

*Kitchen & Woody* for respondent.

The only effect of the dismissal of the suit as to Leming, in the justice court, was to make the judgment there rendered, a judgment against Lamson, one of the members of the firm, for a partnership debt, which judgment could have been satisfied out of the property of said firm. Powers v. Bradley, 41 Mo. App. 556.

### STATEMENT.

This suit was commenced before a justice of the peace to recover a balance of fifty dollars due plaintiff from Leming & Lamson, a partnership composed of M. E. Leming and E. F. Lamson, the account being made out against Leming & Lamson, as partners. The return of the summons issued by the justice showed services on Lamson alone, and the plaintiff dismissed the suit as to Leming and took judgment against Lamson, who appealed to the circuit court. Pending the appeal Lamson died. A *scire facias* was issued to Leming to show cause why the suit should not be revived against him as the administrator of the partnership estate of Leming and Lamson. The return of Leming to the *scire facias* (duly sworn to) omitting caption, is as follows:

"Now comes M. E. Leming, and for answer to the rule that he show cause why the above action should not be revived against him, says that he is not the representative or successor to the said E. F. Lamson, and that Emma Lamson, his widow, has been duly appointed administratrix by the Cape Girardeau Court of Common Pleas and is now acting as such administratrix.

"M. E. LEMING."

On the hearing of the return it was stipulated that Leming was the administrator of the partnership estate of Leming & Lamson and that Emma Lamson, the widow of E. F. Lamson, was the administratrix of the individual estate of Lamson.    On this showing the court struck out the return of Leming and ordered that the cause stand revived against Leming as administrator of the partneship estate of Leming & Lamson.    Defendant duly objected and excepted to this ruling on the ground that he was not the proper party against whom the cause should be revived, and declined to plead further or to further appear to the action.    Plaintiff, in his own behalf, gave testimony showing a balance of fifty dollars due him on the account sued on from the firm of Leming & Lamson.    No countervailing evidence was offered and the court rendered judgment in plaintiff's favor against M. E. Leming, as administrator of the partnership estate of Leming & Lamson, and against the sureties on Lamson's appeal bond for the sum of $50.66 and awarded execution against all the defendants.

BLAND, P. J.    (after  stating  the  facts).—The court was without  authority to  award  an  execution against Leming as administrator of the estate of Leming & Lamson.    The court should have ordered the judgment certified to the Probate court for allowance and classification against the partnership estate.    Sections 191 and 65, R. S. 1899.

A judgment against one partner for a partnership debt is, in States where a judgment may be rendered against the partnership as such, a bar to any suit on the same demand against the  partnership.    Freeman on Judgments (4 Ed.), sec. 232.

In Hill v. Bell, 111 Mo. 1. c. 44, 19 S. W. 959, it was held that an attachment against one member of a firm for a partnership debt binds only his interest in the assets of the firm, though all the partners are made parties defendant, and in Travis v. Tartt, 8 Ala. 574, it was held

that where one partner of a firm is garnished to impound the debt of a firm, the firm is not bound as the creditor must be considered as having elected to proceed against the individual member garnished.

The dimissal of the suit as to Leming and the taking of judgment against Lamson had the effect to dismiss the suit against the partnership and left Lamson to answer individually for the debt.    Ency. Plead. and Prac. (vol. 15), p. 949; Frank v. Tatum, 87 Texts 204; Simpson v. Schulte, 21 Mo. App. 639.    But the taking of the judgment against Lamson alone did not release Leming from his liability for the debt, as members of the partnership in this State are jointly and severally liable for the debts of the firm, and it seems to us that the correct procedure, if plaintiff wished judgment against Leming as well as against Lamson's estate, would have been to revive the suit gainst the administratrix of Lamson's individual estate and then moved the court to make Leming a party defendant.    We think by the dismissal of the suit as to Leming in the justice's court, that the plaintiff elected not to proceed against the defendants as partners and abandoned his right to look primarily to the assets of the partnership for the payment of his debt, and having once made the election he cannot now revive the suit against the partnership.

The judgment is reversed and the cause remanded.
All concur.