## SAM WEBB, JR., v. LUCY A. GREGORY ET AL.

### Decided February 20, 1908.

**Parties—Action Against Partnership—Several Liability of Partners.**

Each member of a partnership is individually liable for tort or breach of contract by the firm of which he is a member, and may be sued therefor alone without joining the other members of the partnership or the partnership in the suit.

Appeal from the County Court of Galveston County. Tried below before Hon. George E. Mann.

*Maco* and *Minor Stewart* and *Geo. F. Buryear,* for appellant.

*James R. & Charles J. Stubbs,* for appellees.

LEVY, ASSOCIATE JUSTICE.—By his petition appellant says that Cora G. Gregory, T. W. Mullaly and Lucy A. Gregory were copartners composing the copartnership of Mullaly-Gregory Transfer Company, and that the company was engaged in a transfer business for hire at Galveston; that the said company contracted and undertook for hire to carry and deliver his trunk to the union depot, and has never delivered same to him. He sued Cora G. Gregory for the value of the same without joining the other members of the copartnership, alleging that Lucy A. Gregory died after the contract of the company to deliver his trunk was made, and that after her death the copartnership dissolved and went out of existence.

The appellee demurred to the petition on the ground, among others, because all the members of the partnership are necessary parties to a suit against a copartnership. The court overruled the demurrer. After hearing the evidence on the trial before a jury the court reconsidered the ruling on the demurrer, and gave the following peremptory instruction to the jury: "Gentlemen of the jury: On further examination of the pleadings I find that the copartnership, the Mullaly-Gregory Transfer Company, that is alleged to have lost plaintiff's trunk, is a necessary party to this suit, and the exception of defendant should have been sustained. You are therefore instructed to find a verdict for the defendant." From

the judgment entered against him on the verdict of the jury, the appellant has appealed.

The appellant assigns the following error: "The court erred in peremptorily instructing the jury that the copartnership, the firm of Mullaly-Gregory Transfer Company, was a necessary party to this suit, because said firm of Mullaly-Gregory Transfer Company was not a necessary party to this suit." The proposition of appellant under this assignment is: "A member of a firm or copartnership is individually liable for tort or breach of contract by the firm of which he is a member, and in such cases may be sued individually, and it is not necessary to join either of the other partners or the partnership."

It is clear that by his petition the appellant has elected to bring suit for the conversion of the trunk against Cora G. Gregory separately, as upon her several liability for breach of the copartnership contract, seeking the recovery of personal judgment to subject her individual property to payment of the debt. The petition does not declare against the partnership or the several members of the partnership.

It is the certain doctrine of law in this State that every partnership debt or liability is joint and several. This settled doctrine is expressly recognized by the statutes in authorizing the formation of a limited partnership, where, in article 3584, it uses this language: "Who shall be jointly and severally responsible as general partners now are by law." Did the court err in sustaining the demurrer? We quote from Lindley on Partnership, p. 283: "Supposing the tort to be imputable to the firm, an action in respect to it may be brought against all or any of the partners. If some of them only are sued they can not insist upon the other partners being joined as defendants; and this rule applies even where the tort in question is committed by an agent or servant of the firm and not otherwise by the firm itself." This rule of law above quoted seems to be applicable to this case, and allowable under the law of this State. By article 1256, Rev. Stats., it is expressly provided that where there are several defendants in a suit, and some of them are served with process, and others not so served, the plaintiff may discontinue as to those not served and proceed against those served. This provision of the statute seems to have been applied as authority to sue partners or any one of them alone.

The case of Glasscock v. Price, 92 Texas, 271, involved a partnership suit where, under the authority of this article of the statute, there was a dismissal as to one member of the firm after the suit was brought against the partnership, and a judgment was then rendered against the partnership, and also a personal judgment against the individuals. The personal judgment only was held effective. The effect of that decision was to allow a member of a firm to be sued alone for a personal judgment on his several liability on an ordinary contract. The case of Frank v. Tatum, 87 Texas, 204, was where partners were sued, and where, after the suit was brought, a dismissal from the case of all the partners of the particular partnership except one, occurred. The court held: "When

the suit was dismissed as to all the members of that firm except A. B. Frank, the court had no further authority to enter judgment against the partnership or its property, and it left A. B. Frank to answer individually instead of answering as a member of the firm of Goldfrank, Frank & Company." The force of that opinion is to allow a partner to be sued alone for a personal judgment on his several liability on a partnership debt. By article 1203 it is provided that any principal obligor in any contract may be sued either alone or jointly with any other party who may be liable thereon. This article has a bearing upon the allowable procedure in suit in this State, where the liability is joint and several, in an ordinary obligation.

The purpose of the law in fixing the liability of the members of a partnership as joint and several in this class of cases, has only the aim of protection to the claimant or injured party in the collection of his claim. The consequence in the suit whether all the members be sued and served or only one member be sued and served, is the same; whatever the particular member may own, that which is embarked in the business, as well as that not, and regardless of his interest in the business, is liable to make good the judgment obtained. In reason a judgment in suit against only one of the partners would be sustainable because the partners are jointly and severally liable. The partner would accomplish no practical result in being sued with the other members of the firm. If a judgment be obtained against a partnership for a debt owed by it, the judgment creditor is not required to first go upon and exhaust the partnership property before he can levy upon the outside or separate property of a partner. The judgment creditor can elect whether to levy upon the firm or individual property, "leaving the question of contribution to be settled afterwards between the partners themselves." (Bardwell v. Perry, 47 Am. Dec., 687.) If the injured person were to sue the particular partner separately it would be held to be an abandonment of the right to have the partnership property subjected to his claim. (Cowan v. Leming, 85 S. W., 953; Gaut v. Reed, 24 Texas, 46.) Taking the judgment against the partnership and the partner served with process operates as an abandonment of future proceedings against the partner not served. (Burnett v. Sullivan, 58 Texas, 535.) A claim satisfied in a suit against one member of the partnership would be in full payment as against the other members of the partnership, leaving the partner sued free to have contribution from the other members. (Merchants Natl. Bank v. McAnulty, 89 Texas, 124.) The holder of a claim against a partnership can establish his claim against the estate of a deceased partner, and share equally and pro rata with separate creditors. (Higgins v. Rector, 47 Texas, 361.) It is observed that the partnership contract and liability thereunder imposes upon each partner the same obligation that a sole and separate contract does.

The reason for allowing appellant to sue the individual partner separately and alone for the partnership debt in this case is convincing. The partnership was alleged to be dissolved and out of existence at the time of suit. To say that a member of a copartner-

ship could not be sued alone in this class of cases, and especially under these circumstances, it seems to us would be a narrow rule. We think the court erred in holding in this case that the appellee could not be sued alone and separately to personal judgment. The case is therefore ordered reversed and remanded.

<div align="right">

*Reversed and remanded.*