## J. R. HIGH HARDWARE CO. v. GARLITZ.
### (No. 6793.)

(Court of Civil Appeals of Texas. Austin Oct. 15, 1924.)

Partnership ⬳200—Partnership creditor may sue partner, without joining copartner.

Partnership creditor may sue partner, without joining copartner.

Appeal from Tarrant County Court, at Law; P. W. Seward, Judge.

Action by the J. R. High Hardware Company against F. Garlitz. From an adverse judgment, plaintiff appeals. Reversed and rendered.

Kilpatrick & Kilpatrick, of Cleburne, and McGown & McGown, of Fort Worth, for appellant.

Jno. S. Morris and Payne & Pressly, all of Fort Worth, for appellee.

BAUGH, J. The J. R. High Hardware Company, as plaintiff below, on November 17, 1920, obtained in the justice court of precinct No. 1 of Tarrant county a judgment against F. Garlitz, upon a verified account for $172.50. Garlitz appealed to the county court, where he denied the account under oath and pleaded that if same were due it was the debt of McCright & Garlitz Construction Company, a partnership composed of F. Garlitz and C. V. McCright. The case was submitted to a jury on one special issue as follows: "Was the contract of sale for the merchandise involved in this suit made with the partnership of McCright & Garlitz?" To which the jury answered: "Yes." Based upon this finding, the court rendered judgment that the plaintiff take nothing.

Only one witness, Mr. J. R. High, testified. The amount of the account sued upon was not disputed upon the trial. Garlitz either individually or as a partner received the merchandise, and neither he nor the partnership, if any existed, ever paid for it. The judgment of the trial court was evidently based upon the theory that, if the debt was a partnership obligation, all partners were necessary parties to a suit to recover. Though some of the early decisions in Texas might lead to that conclusion, this question was recently settled by our Supreme Court in Fowler Commission Co. v. Charles Land & Co. (Tex. Com. App.) 248 S. W. 314. The opinion was written by Judge German of the Commission of Appeals, but the Supreme Court specifically approved the holding on the question discussed. In that opinion the following clear, concise, and explicit language concludes the question against the appellee:

"In this state, common-law rules have been abolished, and the contracts of a partnership are joint as to all of the partners, and several as to each of them. A holder of a claim against a partnership may proceed against any of the partners individually, and it is not necessary to join either of the other partners or the partnership. As between the partners, equity may require a marshaling of joint assets in payment of joint liabilities, or require contribution from one member to another, where a partner has been required individually to pay a partnership debt, but this does not limit the right of creditors to select any individual of the firm and collect their claims wholly from his individual property. Jameson v. Smith et al. 19 Tex. Civ App. 90, 46 S. W. 864; Webb v. Gregory, 49 Tex. Civ. App. 282, 108 S. W. 478. While involving a state of facts different from those here, yet the cases of Glasscock v. Price, 92 Tex. 271, 47 S. W. 965, and Frank v. Tatum, 87 Tex. 204, 25 S. W. 409, are authority for the proposition that a partner may be sued alone for a personal judgment on his several liability on a partnership debt."

In the light of this holding we think it is immaterial whether Garlitz was sought to be held for an individual debt or for a partnership debt. The result would be the same in either instance.

Under this view of the case it becomes unnecessary to discuss any of the other questions raised by appellant. And under the uncontradicted evidence in the record we must reverse the judgment of the trial court and here render judgment for the appellant against appellee for $172.50, with interest thereon from November 17, 1920, at the rate of 6 per cent. per annum, and all costs.

Reversed and rendered.