UNGERLEIDER *v.* EWERS, RECEIVER OF LEVERING BROS.

*Pleading—Amendment during trial—Right to withdraw juror and continue case—Action against individual converted into one against partnership by amendment—Action against original defendant abandoned and liability terminated, when—Statute of limitation running against partnership bars action against original defendant.*

1. When a party in a jury trial is confronted with facts not known to him when the trial began, and it thereby becomes necessary for him to amend his pleadings, and leave so to do is properly granted by the trial court, he is entitled to withdraw a juror to work a continuance of the case.

2. When in an action instituted against a party as an individual it is disclosed by the evidence during trial that the defendant is a member of a partnership and that his liability if any grows out of such partnership relation, it is proper for the court to permit the plaintiff to file an amended petition in which the remaining partners are made parties defendant to the action. If such amended pleading is filed, and process served on each partner, and on the partnership as an entity, the action against the original defendant as an individual is thereby abandoned, and in the remaining proceedings in such case the original defendant may not be held individually liable unless a partnership liability is first established. If the record shows that the claim against the partnership, as an entity, and against the remaining partners, is barred by a statute of limitation, the plaintiff has no right of action against the original defendant under the amended pleading.

(Decided May 5, 1925.)

ERROR: Court of Appeals for Cuyahoga county.

[1] Trial, 38 Cyc. p. 1593; [2] Limitation of Actions, 37 C. J. § 503. Pleading, 31 Cyc. pp. 472, 475.

*Messrs. Mooney, Kahn, Loeser & Keough,* for plaintiff in error.

*Mr. L. C. Stilwell; Mr. Ezra Brudno,* and *Mr. Robert L. Carr,* for defendant in error.

Middleton, J.   This action was instituted on December 21, 1921, by Charles Ewers, as receiver of Levering Brothers, a partnership, against one Samuel Ungerleider, doing business as Samuel Ungerleider & Company.   In the proceeding before us it seems to be assumed that the action was brought under favor of Sections 5966 and 5967, General Code, and it was predicated on the claim that Ungerleider was doing business as an individual under the company name aforesaid.

The operative facts set forth in the petition were that Levering Brothers, partnership aforesaid, lost to the defendant a large sum of money in the buying and selling of futures in wheat.   It is alleged further, in the second amended petition, that these transactions were made with no intention on the part of either party to make delivery of the wheat so bought and sold.

It is very difficult to determine positively that the plaintiff receiver intended to prosecute his action under the sections aforesaid, for the reason that he demanded in addition to the amount so lost a penalty of five hundred dollars, and such penalty is provided for only in Section 5967, General Code. It has been determined by the Supreme Court in the case of *Rutherford & Co.* v. *Spaid,* 102 Ohio St., 233, that the buying and selling of wheat on margins is a transaction coming within the provisions of the last-named section

On the 14th day of March, 1922, an amended petition was filed, which made more definite some of the matters set forth in the original petition.

On May 18, 1923, the case came on for trial before a court and jury. At the close of the plaintiff's testimony the defendant Ungerleider made a motion to the court for a verdict in his favor. This motion was made just before the adjournment of court for that day. When the court reconvened the next day plaintiff asked leave to reopen the case, which was granted by the court. The plaintiff then called Mr. Ungerleider for cross-examination and developed from his testimony that Samuel Ungerleider & Company was a partnership composed of the witness and one Louis Stark. The defendant Ungerleider then renewed his motion, and the plaintiff thereupon made application to the court for leave to amend his petition to conform to the proof by adding the name of Louis Stark as a defendant. To this application Ungerleider objected, and excepted to the action of the court in granting such amendment. The plaintiff then concluded that it was necessary to serve Stark with process, and in order to have the case continued for service asked leave to withdraw a juror, which leave also was granted by the court, the defendant Ungerleider objecting and excepting to all such proceedings. It may be noted in this connection that the record in the first case becomes a part of the record in this case and part of the bill of exceptions, by reason of various motions made in the instant case to the jurisdiction of the court over Ungerleider.

Subsequently, on the 6th day of September, 1923,

the receiver filed his second amended petition. This pleading, as appears from the caption, was an action against Samuel Ungerleider and Louis R. Stark, partners, doing business in Ohio as Samuel Ungerleider & Company, Leader News Building, Cleveland. The receiver thereupon caused a new summons to be issued for Ungerleider, and a summons for Stark, and it appears from the return of the sheriff that a summons was also served on the partnership, as provided by Section 11286, General Code. The second amended petition did not allege that Ungerleider and Stark were partners, but alleged:

"The defendant is now and was at the times hereafter mentioned a partnership engaged in the brokerage business in Ohio with its principal place of business at 409-414 Leader News Building, Cleveland, Ohio, under the style and firm name of Samuel Ungerleider & Company."

The prayer of the petition is:

"Wherefore, plaintiff asks judgment against said defendant in the sum of $10,259.11, with interest thereon and costs of suit."

In this second amended petition there was also included a demand for a penalty of five hundred dollars. The verdict of the jury was for the exact amount demanded, without interest. It would therefore seem to be conclusive that the jury allowed in their verdict the penalty of five hundred dollars.

To this second amended petition Ungerleider and Stark filed separate answers, each pleading among other defenses that the action was barred by certain statutory limitations contained in the

sections applicable to the action, and Ungerleider, in his second defense, also alleged that the action was barred against the partnership. The firm filed no answer in the case.

The case came on for trial the second time on February 9, 1924, which trial is now on review here. On his motion Stark was dismissed from the case early in the proceeding for the reason that the court found that the action was barred by the limitations of the statute in respect to the time within which such action should be prosecuted. (Record, page 4.) A like motion, however, made later, in behalf of Ungerleider, was overruled and exceptions noted. Before taking up the further consideration of the matters presented by the petition in error it will be necessary to dispose of some very unusual legal questions already involved in the history of the case to this point.

It is clear that the original petition was against Ungerleider individually and for a personal judgment. Did the court in the first trial err in permitting the plaintiff to amend his petition and withdraw a juror for the purpose only, as the record shows, of making Stark a party to the proceeding? It was insisted by Ungerleider throughout all the remaining proceedings, and it is urged here, that the trial court by this action lost jurisdiction of him as an individual. We will discuss this question later, but in respect to the right of the plaintiff to amend his petition and by withdrawal of a juror work a continuance of the case we think there can be no doubt. It was proper for the court to grant plaintiff leave to file this second amended petition and withdraw a juror, and the court's action in this

respect is sustained by both authority and precedent. The second amended petition did not state a new cause of action. It stated only the same cause of action against new parties, and against Ungerleider in a different capacity. It must be remembered that new process was made on Ungerleider and that a summons was also issued and served on Stark and the firm. In *Hamill* v. *Ashley,* 11 Colo., 180, 17 Pac., 502, under statutory provisions identical to our Section 11363, General Code, it was held that where an action was brought against two persons as partners, and it appeared that they were not partners, and that one of them alone was the real party in interest, the court under the code might allow the complaint to be amended by striking out the name of the party not interested. In the case of *Marienthal* v. *Amburgh,* 2 Disney, 586, it was held that in an action against a partnership, under the partnership name, the individual names of members of the partnership might be substituted as defendants if the petition was amended and process served on each of them.

The courts of this state have repeatedly given a party the right to withdraw a juror and in that manner work a continuance of a case when he is confronted with new facts and conditions not known by him when the trial began. This, we think, was the situation with the plaintiff in the instant case. And it might be proper to observe that it would have been well for the plaintiff had he abided by the ruling of the court and prepared an amended pleading of the character the court doubtless had in mind when it permitted the case to be continued for service.

It is difficult to discuss the various intendments the pleader may have had in mind in the preparation of this second amended petition. If we consider the caption alone it would seem to be an action against Ungerleider and Stark as partners, when, however, we examine the complaint itself, we find, as before observed, that it is directed entirely against the firm as a legal entity. Moreover, there is no allegation in the petition that Ungerleider and Stark were partners, which is usual when an action is brought by or against individual partners. Furthermore, the firm as a distinct entity was served with a summons as provided by Section 11286, General Code. This course was in harmony with the doctrine that a partnership may have a distinct legal entity, where, as in this state, there is a statutory provision authorizing suits by or against partnerships in their partnership names. In such states, in matters of procedure, partnerships are regarded as having a distinct legal entity. In *Frank* v. *Tatum,* 87 Tex., 204, 25 S. W., 409, it is said:

"California, Iowa, Ohio, Nebraska and Alabama, and perhaps other states, have statutes which authorize suits to be brought by or against copartnerships in their firm names. The effect of such statutes is to give to the partnership recognition as 'an entity or distinct legal person, distinct from its members.' "

To the same effect is Bates on Partnerships, Section 1059, where it is stated that the right to sue in the partnership name makes the firm a distinct legal entity, a legal person distinct from its members.

Referring now to the statutory provisions which may be pertinent to this action. It is said in the case of *Hooker* v. *DePalos,* 28 Ohio St., 251, at page 261:

"The statutes of this state, which allow money won by gaming or betting to be recovered back by the loser, furnish an example of this kind. But such statutes are a recognition of the established rule that no recovery could be had in such cases at common law; they are exceptional in their character; are in derogation of the common law; and therefore are to be construed strictly, and not extended by implication beyond the particular cases of illegality for which they provide."

It is manifest, we think, that the action was barred as to Stark, whether we consider it one under Section 5966, 5967, or 5969. And it is likewise equally clear that the action was also barred against the firm. No attention seems to have been paid by the court or parties to the suit to the fact that the partnership as an entity was in the case. On page 292 of the record, the court, in its general charge to the jury, said: "The case proceeds against Samuel Ungerleider alone."

What were the rights of Ungerleider under this status of the case, with Stark out of the action and the partnership either considered out or entitled to go? We see no reason why Ungerleider, as a partner, was not entitled to the protection of the bar if Stark was. Both, as partners, were brought into the case by the same pleading, the same process, and at the same time. It is reasonably clear also that Ungerleider as a partner could not be held when the partnership was no longer liable;

at least no judgment could be rendered against
him which would be binding on partnership assets.
It follows, therefore, that as to Ungerleider there
could be no liability except an individual one, and
that the action under the then established facts
could proceed only against him in that character.
We are of the opinion that such proceeding would
be wholly unwarranted for the following reasons:

The action originally was instituted against Un-
gerleider individually.  The plaintiff abandoned
that action and chose by an amended petition to
proceed against him as a partner, against his co-
partner Stark, and also against the firm as an en-
tity.  This proceeding appears to be supported by
some authority.  2 Kinkead's Code Pleading (2
Ed.), Section 973.  That the plaintiff clearly recog-
nized the different character of Ungerleider in the
suit under the amended petition is evidenced by the
fact that he caused a new summons to be made on
him as a partner.  Now the election of the plaintiff
so to proceed was an action by which he was bound,
and was, in effect, an abandonment of his proceed-
ing against Ungerleider individually.  In *Raymond*
v. *T., St. L. & K. C. Rd. Co.*, 57 Ohio St., 271, it is
said in the second paragraph of the syllabus:

"If the amended petition appears to have been
filed not by way of addition merely to the original
petition, but appears also to contain a full em-
bodiment of the plaintiff's case, being on its face
a statement of an entire cause of action, and, in
substance, a substitute for the original, the filing
of it by plaintiff will be regarded as implying an
abandonment of the case made in the original peti-
tion, and as selecting this as the pleading on which

he founds his suit, and the only petition which the court is to consider in determining the issues to be tried.''

In *Cowan* v. *Leming,* 111 Mo. App., 253, 85 S. W., 953, suit was brought against a firm composed of two persons, and service was made on one only of the partners. The plaintiff then dismissed the suit as to the other and took judgment against the partner served. The court held that such procedure operated as a dismissal against the firm and left the partner served to answer individually for the debt. The court held further that by the dismissal of the suit the plaintiff elected not to proceed against the defendants as partners, and thereby abandoned his right to look primarily to the assets of the firm for the payment of his debt. It is said in the opinion:

''We think, by the dismissal of the suit as to Leming in the justice's court, that the plaintiff elected not to proceed against the defendants as partners and abandoned his right to look primarily to the assets of the partnership for the payment of his debt, and having once made the election, he cannot now revive the suit against the partnership.''

The doctrine of this case applies here. There can be no difference in principle between the abandonment of a suit against an individual with an election to proceed against the partnership and the abandonment of a case against a partnership with an election to proceed against the individual. In both instances such an election is a dismissal of the original action. So, in the instant case, when the plaintiff proceeded by his second amended petition

to prosecute his claim against Ungerleider and Stark as partners, and against the partnership as an entity, he lost his right of action against Ungerleider, individually, except as such liability might be asserted against him as a partner by reason of the liability of the partnership. But with Stark out of the case, and the partnership regarded as not in the case, or if in the case entitled to a dismissal, all liability of the partnership ended. While it is undoubtedly the rule that an action may proceed against remaining partners where one or more partners for some reason personal to themselves have been dismissed, the resulting judgment can in no event bind the joint or partnership property. Such judgment will be a judgment *in personam* and enforceable only against the individual property of the judgment debtor. It may be contended that Ungerleider continued to be a party individually, because of his liability as a partner. The answer to this contention is that the amended pleading raised directly the question of the firm's liability. The result of the issue thus made was a finding, or what was equivalent to a finding, that there was no partnership liability. Now Ungerleider's individual liability must rest primarily on the liability of the partnership. If there was no partnership liability there could be no liability as a partner. To state the matter differently: The plaintiff could have no right of action against Ungerleider as a partner if he had no right of action against the partnership. Any other conclusion would be absurd. To say that Ungerleider as a partner must respond to a complaint which cannot be asserted against the partnership is inconceiv-

able. For these reasons the motion of Ungerleider, made at the close of plaintiff's testimony, and renewed at the close of all of the testimony, should have been sustained.

There is yet another phase of this proceeding to be considered which was not referred to in the briefs. The record shows that the trial court charged the jury that the case was to be determined against Ungerleider alone. The verdict was a finding in favor of the plaintiff without reference to any defendant, nor was any defendant named in the judgment which followed, as shown by the transcript. This instruction, we think, was in legal effect a dismissal of the action against the partnership and a final adjudication of plaintiff's claims against it. The court further said to the jury in its general charge (Record, page 298):

"Before plaintiff can recover of defendant in this case he must prove by a preponderance of the evidence the following operative facts: that at the times claimed in the petition Levering Brothers turned over and placed in the hands of the defendant, Samuel Ungerleider, certain sums of money; that such sums of money were of the partnership funds of Levering Brothers. It would make no difference through what instrumentality the funds of Levering Brothers reached Samuel Ungerleider; if in fact they did reach him and were by him lost in gaming, then Samuel Ungerleider would be liable."

The charge, as a whole, appears to limit the liability, if any is shown, to Samuel Ungerleider as an individual, and was improper for the reasons already stated and for the further reason that if

the plaintiff desired to hold Ungerleider directly liable under any of the provisions of the sections named it would be necessary to file another amended complaint. It certainly cannot be contended that the second amended petition states a cause of action against Ungerleider, individually, other than such as might arise from his relation as a partner. As has already been suggested, such liability must flow and result from the liability of the partnership, and when the partnership was relieved from any further liability by the instruction of the court, as aforesaid, there could be no further prosecution of the claim against Ungerleider as a partner. The resulting judgment for these further reasons must be regarded as wholly erroneous.

The remaining contentions of the plaintiff in error are overruled. We cannot interfere with the verdict on the weight of the evidence. There was testimony before the jury tending to show that it was understood that no deliveries were to be made. While we are not impressed with this evidence, the jury may have been. This evidence also eliminates any consideration of the second paragraph of Section 5966, and the constitutionality of such paragraph is not involved here.

From the foregoing conclusions it is apparent: First, that the action against Ungerleider as a partner is barred by the limitations provided by statute; Second, that an action against him directly as an individual under any of the statutes aforesaid was abandoned by the filing of the second amended petition; Third, that the adjudication in favor of the partnership destroyed any right of action

against Ungerleider growing out of any partnership liability; Fourth, that no cause of action is stated against Ungerleider individually in the second amended petition, growing out of any liability under either Section 5966 or Section 5967, General Code.

For these reasons the judgment is reversed and judgment herein may be entered for the plaintiff in error.

*Judgment reversed, and judgment for plaintiff in error.*

MAUCK, P. J., and SAYRE, J., concur.

Judges of the Fourth Appellate District, sitting in place of Judges SULLIVAN, VICKERY and LEVINE, of the Eighth Appellate District.