## ALY v. TEXAS PUBLICATION HOUSE.
(No. 639.)

Court of Civil Appeals of Texas. Waco.
March 22, 1928.

Rehearing Denied April 19, 1928.

1. Appeal and error ⊜⟿731(1), 733—Assignments of error alleging verdict and judgment are contrary to law and evidence and unauthorized by pleadings held too indefinite for consideration.

Assignment of error and propositions thereunder, alleging that verdict and judgment are contrary to law and evidence and not authorized by pleading, *held* too indefinite to authorize their consideration on appeal.

2. Partnership ⊜⟿165—Partner of firm at time debt sued on was created held primarily and individually liable for debt.

Where defendant was partner in concern at time debt sued on was created, defendant was primarily and individually liable for such *debt*, each partner being jointly and severally liable.

3. Partnership ⊜⟿200—Partnership creditor may sue both partners or either without joining the other.

Creditor of partnership may sue both partners or either of them without joining the other.

Appeal from Dallas County Court, at Law; Wm. M. Cramer, Judge.

Suit by the Texas Publication House against Mrs. E. K. Aly. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 5 S.W.(2d) 235.

Thomas G. Burke, of Dallas, for appellant.
Chas. Romick, of Dallas, for appellee.

STANFORD, J. Suit by appellee against appellant to recover $275 for the printing by appellee of 100,000 circulars for appellant and one J. E. McCoy at a time when said parties were partners and doing business under the firm name of Vigo Laboratories. The case was tried before a jury on February 22, 1927, and the court instructed a verdict for appellee and on said instructed verdict entered judgment for appellee against appellant for $275. Appellant has duly appealed, and presents the record here for review.

[1] Under her first four assignments of error and propositions thereunder submitted, appellant alleges, in substance, that the verdict and judgment are contrary to the law and evidence and not authorized by the pleadings. These assignments and propositions are too indefinite to authorize their consideration. However, we have examined both appellee's pleadings and evidence, and find same not only sufficient to support the judgment, but no other judgment could, under the pleadings and evidence, properly have been rendered.

Under her third proposition appellant contends, in effect, that when a plaintiff files an amended petition setting up a new and different cause of action from the one set out in the original petition, the court has no jurisdiction over the defendant as to such new cause of action until new process is issued and served. This may be correct as an abstract proposition, but if so, it has no application in this case. True, this case was tried on an amended petition by appellee; but said amendment did not set up any new cause of action.

[2, 3] Under her fourth proposition, appellant says: "All parties to a joint agreement and contract are necessary parties to a suit based upon said joint contract and obligation." The record discloses that at the time the order was given for the circulars, appellant and J. E. McCoy were partners, doing business under the firm name of Vigo Laboratories; that J. E. McCoy, in the presence of appellant, gave the order for 100,000 circulars for $275; that said circulars were printed by appellee and delivered to and accepted by said partnership. Appellant being a partner in the Vigo Laboratories at the time the debt sued upon was created, she was primarily and individually liable for such debt. Each partner was jointly and severally liable. Appellee could have sued both of said parties, but had the right to sue either without joining the other. Ablon v. King et al. (Tex. Civ. App.) 279 S. W. 563; Webb v. Gregory, 49 Tex. Civ. App. 282, 108 S. W. 478; Goodman v. Republic Inv. Co. (Tex. Civ. App.) 215 S. W. 466.

We have examined all of appellant's assignments and finding no reversible error, overrule same, and affirm the judgment of the trial court.